

# IN THE UNITED STATES DISTRICT COURT OF THE MIDDLE DISTRICT:

BRADY L. DAVIS                              COMPLAINT

        Plaintiff            **JURY TRIAL DEMANDED**

  vs.                                **1 : CV00-0543**

Superintendent, F. Gillis,
Medical Administrator, W. Sewell,                **FILED**
Medical Director, Dr. Kort,                      **SCRANTON**
Unit Manager, Lee Grover,
Counselor, C. Custer,                            MAR 24 2000
Parole Board Chairman, W. Ward,
Parole Supervisor, Brian Stout,          PER _____
Records Supervisor, Raymond W. Reeder,       DEPUTY CLERK
Any and all other Defendants will be added under
Discovery;  All Defendants are sued in their Individual Capacities
and Official Capacities,
        Defendant(s)

**RECEIVED SCRANTON** MAR 23 2000 PER _____ DEPUTY CLERK

---

## Preliminary Statement

    This is a Civil Rights Action filed by Brady L. Davis, a
State prisoner, for damages and injunctive relief under
42 U.S.A. § 1981, 1983, 1985, 1986, alleging Denial of due process
and Conspiring to detain me from my freedom, which is a Violation
of the Eighth and Fourteenth Amendments of the United States.

## Jurisdiction

    1.  The Court has jurisdiction over the plaintiff's Claims of
Violations of Federal Constitutional Rights under 42 U.S.A.
§§ 1331(a) and 1343.

    2.  The Court has Supplemental Jurisdiction over the plaintiff's
State Tort Law Claims under 28 U.S.A. § 1367.

**"Parties"**

3.   The plaintiff Brady Davis was incarcerated at Coal Township Correctional Facility (Coal Township) during the event described in this complaint.

4.   Defendant, Frank D. Gillis, Superintendent, employed at Coal Township is sued in his individual capacity.

5.   Defendant, Brian Stout, Parole Supervisor, employed at Coal Township is sued in his individual capacity.

6.   Defendant, Raymond W. Reeder, Records Supervisor, employed at Coal Township, is sued in his individual capacity.

7.   Defendant, Lee Grover, Unit Manager, employed at Coal Township is sued in his individual capacity.

8.   Defendant, Charles Custer, Counselor, employed at Coal Township, is sued in his individual capacity.

9.   Defendant, William Ward, Chairman of Parole Board, is sued in his individual capacity.

10.   Defendant, W. Sewell, Medical Administrator, is sued in her individual capacity.

11.   Defendant, Dr. Kort, Medical Director, is sued in his individual capacity.

# FACTS
## DUE PROCESS ISSUES

12. It all started May 4, 1998, I was arrested by my parole officer. I was taken to Graterford. On May 14, 1998, I had a revocation hearing as a T.P.V. and C.P.V. On May 16, 1998, I was brought to S.C.I. Coal Township. My record came with me.

13. In my file was information that I was to do 6 to 23 months work release at Montgomery County to start May 19, 1998; however, Coal Township ignored that fact and held me until my max's had expired which was 10-3-98, because they nor the Parole Board extend my max's date before it expired. They violated the due process rule.

14. They did not send me to Montgomery County, until 10-6-98, three days after my max, which was 10-3-98. My State Representative called Coal Township on 10-3-98, and asked them how were they going to keep me here if they did not have documents to keep me past the expiration date which was 10-3-98.

15. They then decided to send me to Montgomery County, but I had been here for (5) months. The Board gave me a (9) month hit 5-14-98, so I had (4) months left when they sent me to Montgomery County, although, I was supposed to do Montgomery County time first violation of 9757 of 21 Pa. which states if a parolee's sentence were aggregated, then at any given moment during confinement violator could not have been characterized as serving any particular sentence but serving all of them pursuant to aggregated sentence and thus, aggregated sentence would make it impossible for Board of Parole to comply with Act 61 Pa.C.S. 331.21A(A).

16. With that in mind after I did the (5) months at Montgomery County, my (9) months hit was up because now I have (10) months in one month over the (9) month hit. However, Coal Township sent for me when the time at Montgomery County was over. They brought me back into the State system and did not see me for (6) months, which is (16) months, (7) months over the (9) month hit.

17.   To add to the abuse Coal Township, gave me a negative recommendation saying I was argumentative, because the State Representative and my family were calling the institution showing concern about me being staffed.  They were concerned, because a parolee is supposed to be staffed 3 or 4 months before their minimum @ I was (7) months past my maximum, which adds up to (11) months past the due process mark.  However, the board came to see me 9-14-99 over (17) months after they gave me the (9) months hit.

18.   They unbelievably gave me a (12) month hit.  They gave no explanation for it except that I was a danger to society, although, they had letters from my community saying I was an asset to the community.  Letter from State Representative, City Council member and Mt. Airy Businesses and Neighbor Association.

19.   This is abuse of authority, for them to make the mistake that they did and try to correct it by punishing me even more is totally unjustifiable, and because of this, the people that I provide employment and shelter for is losing.  Because of this my community and myself is pleading with the Court to correct this unjust situation and relief plaintiff.

20.   When I returned to Coal Township, May 20, 1999, a year later after I recieved the (9) month hit, I had to stay in isolation because there were no beds, but in fact inmates were being admitted in regular population who arrived after me.  I was held in isolation for (30) days under false arrest.

21.   I complained to the Counselor, Unit Manager and to the administration, but received no help.

## MEDICAL COMPLAINTS

22.   I am a diabetic, who have to use insulin for my sugar regulation.

23.   When I came back to Coal Township, May 20, 1999, I did not receive my insulin for two (2) days.  I became ill.  I was taken to the dispensary, my sugar level was 385.  It was around 10]30 p.m., the nurse called the doctor at home, he got upset and told her to send me back to my cell.

24.   The next day my sugar level was 199 on the morning of May 22, 1999.

25.   On May 23, 1999, the doctor instructed the nurse to discontinue my evening insulin.  He never examined me or checked my sugar level to know if it was alright to stop my evening insulin.

26.   On May 24, 1999, I complained to the administration of the Medical Department, Miss Sewell.

27.   On June 2, 1999, I was refused my lunch bag, which is a part of my diabetic treatment.  John Doe, officer who give out the meals.

28.   On June 3, 1999, I was taken to the dispensary, because I was not receiving my medication.  This was about 11:30 p.m. The nurse called another doctr who said keep me there for observation.  My sugar level was 284.  Dr. Kort came the next morning and said he was not going to give me my proper insulin until I get out of the hole.

29.   On June 6, 1999, I put in a sick call slip, on June 8, 1999 a doctor came to see me.  I explained to him that I was getting headaches, he said he was going to speak with Dr. Kort, about me receiving my evening insulin.  No one ever came back to see me.

30.   On June 14, 1999, a represenative from the Administration of Department of Medical came to see me, who represented Miss Sewell.  I explained to her about my headaches and other problems. I heard nothing from anyone after that.

31.   On June 22, 1999, I went to the dispensary.  My sugar level was 309.

32.   As I was about to leave the dispensary, Dr. Kort said to me, "I see you're out the hole, are you still complaining."

33.   I went back the next day my sugar level was 348, I explained to Dr. Kort that I needed my evening medicine, his reply was, "I will teach you what being a diabetic will do to you."

34.   I have been ill from the day I was taken off my proper medication.  Which was May 23, 1999.  This happened after I became ill May 21, 1999 and the nurse called the doctor at his home.  He became upset, told the nurse not to give me anything, and from that day he has refused to give me my proper medication.

35.   On 1-29-2000, I became ill.  I could not eat.  That night I pushed the emergency button to get some medical assistance.  A nurse came to see me.  I explained to her that I was nausea and that I was seeing crystal element.  I explained to her that this had happened to me before and it was my blood pressure, but she would not check it.  She checked my sugar level; it was fine because I was not eating anything.  She gave me two (aspirin). I paid her for that visit.  She requested that I put in a sick call slip.  I put in the sick call slip, the next day a doctor came to see me 1-30-2000.  I explained to him the symptoms that I was experiencing.  He said he could not see me unless I paid him.  I explained to him that I had just paid the nurse for this same illness the night before, then he just left.

36.  On 1-31-2000, I became more ill.  I called for emergency and asked them to bring the blood pressure equipment, he did and my pressure was high.  He instructed me to submit another sick call slip.  I did and a different doctor came 2-1-2000.  I explained to him my symptoms.  He increased my medication.  I was ill for (4) days because the medical department would not give me the proper medical attention.  I am also a diabetic, I need an accu-check, preferably daily, but the medical department has not given me one for (60) days.  This may be part of my illness, because when my pressure is high, it causes the body to act abnormal.  I am supposed to get an accu-check daily, but for the last year the doctor refuses to give me one.  He gives me one once a month and when I request for one, he charges me for it, although I am a chronic patient.  The state's rule is if you are a chronic patient, you do not have to pay for medical service, if it relates to your chronic illness.  I have explained to the Medical Department, that all institutions that I have been in gave me an accu-check twice a day.

37.  Because diabetic sugar level is not stable and if it's up or down, it is dangerous.  Diabetes is a silent killer, and if it's not treated properly, it causes permanent damage.  So when it's high and not detected, your life is being shortlived.  This doctor knows this and is not giving accu-checks only because of his own selfish reason.

Claims for Relief

1.    Superintendent, F. Gillis, Failure to correct the matter
is a violation of the Fourteenth and Eighth Amendment of the
United States Constitution.

2.    Administrator of Medical, W. Sewell, Failure to correct
the matter, is a violation of the Fourteenth and Eighth Amendment
of the United States Constitution.

3.    Director of Medical, Dr. Kort, Failure to give plaintiff
proper medication, is a violation of the Fourteenth and Eighth
Amendment of the United States Constitution.

4.    Unit Manager, Lee Grover, Failure to correct the matter,
is a violation of the Fourteenth and Eighth Amendment of the
United States Constitution.

5.    Counselor, C. Custer, Failure to correct the matter, is
a violation of the Fourteeth and Eighth Amendment of the United
States Constitution.

6.    Chairman of Parole Board, W. Ward, Failure to correct the
matter, is a violation of the Fourteenth and Eighth Amendment of
the United States Constitution.

7.    Parole Supervisor, Brian Stout, Failure to correct the
matter, is a violation of the Fourteenth and Eighth Amendment
of the United States Constitution.

8.    Records Supervisor, Raymond W. Reeder, Failure to correct
the matter, is a violation of the Fourteenth and Eighth Amendment
of the United States Constitution.

RELIEF REQUESTED

Wherefore, Plaintiff requests that the Court grant the following:

(A)  Issue a declaratory judgement stating that:

1.  The isolation that plaintiff suffered from Superintendent Gillis, violated plaintiff's Fourteenth and Eighth Amendment of the United States Constitution and award punitive damages in the following amount, $50,000.

(B)  Issue a judgement ordering defendant Lee Grover to pay plaintiff $25,000 for punitive for violation plaintiff's Fourteenth and Eighth Amendment of the United States Constitution.

(C)  Issue a judgement ordering defendant C. Custer to pay plaintiff $25,000 for punitive damages for violation of plaintiff's Fourteenth and Eighth Amendment of the United States Constitution.

(D)  Issue a judgement ordering defendant W. Sewell, to pay plaintiff $35,000 for punitive damages for violation of plaintiff's Fourteenth and Eighth Amendment of the United States Constitution.

(E)  Issue a judgement ordering defendant Dr. Kort to pay plaintiff $150,000 for punitive damages for violation of plaintiff's Fourteenth and Eighth Amendment of the United States Constitution.

(F)  Issue punitive damages of $50,000 for plaintiff from W. Ward for violation of plaintiff Fourteenth and Eighth Amendment of the United States Constitution.

(G)  Issue punitive damages of $50,000 for plaintiff from Raymond W. Reeder, for violation of plaintiff's Fourteenth and Eighth Amendment of the United States Constitution.

(H)  Issue punitive damages of $35,000 for plaintiff from B.
Stout, for violation of plaintiff's Fourteenth and Eighth
Amendment of the United States Constitution.

(I)  Issue such other relief as it may appear that plaintiff
is entitled.


                              Respectfully Submitted,


                              *Brady Davis*
                              ─────────────────────────
                              Brady L. Davis,
                              Plaintiff
                              S.C.I. Coal Township
                              One Kelley Drive
                              Coal Township, PA  17866-1020


Date: _3.1-00_____ , 2000

IN THE UNITED STATES DISTRICT COURT OF THE MIDDLE DISTRICT:

BRADY L. DAVIS,
                    Appellant

CERTIFICATE OF SERVICE

AND NOW, this ___/___ day of March, 2000, I Brady L. Davis, pro se, appellant in the above captioned case, hereby certify that I this day served the foregoing REPLY BRIEF FOR APPELLANT by causing a copy of the same to be deposited in the United States mail postage prepaid, at Coal Township, Pennsylvania, addressed as follows:

                    United States Middle District Court
                    P.O. Box 1148
                    Scranton, PA  18501

3-1-00
_____                    _____
Dated                              Brady L. Davis

# "EXHIBITS"

Commonwealth of Pennsylvania
State Correctional Institution
at Coal Township, PA 17866

May 24, 1996

**Subject:**   Return of Official Inmate Grievance Dated 5/22/99

**To:**   Brady Davis BX 3685
RHU

**From:**   Kandis K. Dascani  K K Dascani
Corrections Superintendent's Assistant

This Official Inmate Grievance is being returned to you because you have not complied with the following requirement(s) of DC-ADM 804, Consolidated Inmate Grievance Review System:

Section V. A. Procedures - Grievances and Appeals

( ) 1.   All grievances shall be in writing and in the format provided on the forms supplied by the institution (DC-804 Part 1).
      ( )   Requirement of instruction number three (3) has not been met.
( ) 2.   All grievances and appeals shall be presented individually. Group grievances and appeals are prohibited.
( ) 3.   Only an inmate who has been personally affected by a Department or Institution action or policy shall be permitted to seek review of a grievance or appeal. The inmate grievant must sign the grievance or appeal.
( ) 4.   All grievances and appeals must be presented in good faith. They shall include a brief statement of the facts relevant to the claim. The text of the grievance must be legible and presented in a courteous manner.
( ) 5.   Grievances and appeals based on different events should be presented separately unless it is necessary to combine the issues to support the claim.

Section VI. Initial Review

E.   Any inmate grievance may be addressed to the Inmate Grievance Coordinator except issues related to the following:
( ) 1.   DC-ADM 805 Policy & Procedures for Obtaining Pre-Release Transfer
( ) 2.   DC-ADM 801 - Inmate Disciplinary and Restricted Housing Unit Procedure. See DC-ADM 801 VI., G & I. Initial Review decision includes the decisions of the Hearing Examiner and PRC.
 3.   DC-ADM 802 - Administrative Custody Procedures. See DC-ADM 802, VI, B, 1, 2. Appeal from Initial Review, see DC-ADM 802, VI, B, 4 a.

Additionally, there may be other kinds of issues for which Initial Review Procedures have been previously established by Administrative Memorandum or Policy Statement.

B.   Grievances must be submitted for initial review to the Facility Grievance Coordinator within fifteen (15) days after the events upon which the claims are based. Extensions of this time period may be granted by the Facility Manager for good cause.

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

99 MAY 24   AM 9:05

**OFFICIAL INMATE GRIEVANCE**                    GRIEVANCE NO. [        ]

| TO: GRIEVANCE COORDINATOR | INSTITUTION *Coal Township* | DATE *5-22-99* |
|---|---|---|
| FROM: (Commitment Name & Number) *Brady Davis BX-3685* | INMATE'S SIGNATURE *Brady Davis* | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT *RHU-H* | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

This Institution errored when they helded me for five month before they realized that I was suppose to be in Montgomery County. Now I'm back they have me in the hold. They know I'm not A new P.V. The people on the Review Committee was on it when I came 5-13-98 not all but some and I told them. I should not have to suffer because of this Institution error. I need to be Staffed, so I can see the Parole Board in June. If this Institution did not error I would have been Staffed by now. I have paper from Harrisburg

B. Actions taken and staff you have contacted before submitting this grievance:

to Verify this Fact.
I put in A Request to Deputy Supt. Bernamba Lame.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                    _____
Signature of Grievance Coordinator                    Date

FORM **DC-141**    **PART I**    **COMMONWEALTH OF PENNSYLVANIA**
Rev. 6-84

☐ MISCONDUCT REPORT ☑ OTHER    **DEPARTMENT OF CORRECTIONS**    606503  ᵖ ᵖ ᵖ

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| BX 3685 | DAVIS, BANDY | COAL | — | — | 5/20/99 |

| Quarters | Place of Incident |
|---|---|
| H | |

### OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

"NOTICE OF CONFINEMENT"

**STAFF MEMBER'S VERSION**

This is written notice informing you DC# BX3685 DAVIS, BANDY of your placement in our Restricted Housing Unit (RHU) under A.C. Status. This action is necessary due to you being received at S.C.I.-Coal Township as a Parole Violator this date.

You will remain in A.C. Status pending review by our Program Review Committee.

NOTE: This is not a Disciplinary Action.

**IMMEDIATE ACTION TAKEN AND REASON** Housed in L-5 Unit AC Status Pending PRC Review.

| PRE-HEARING CONFINEMENT | | | R.J. Meden |
|---|---|---|---|
| | **IF YES** | | |
| ☑ YES ☐ NO | TIME N/A | DATE N/A | N/A REQUEST FOR WITNESSES AND REPRESENTATION / FORMS GIVEN TO INMATE / N/A INMATE'S VERSION |

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY    SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| R.J. Meden UM | Geschinski CO W | DATE 5-20-99 | TIME 24 HOUR BASE 1415 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | Misconduct Category | Signature of Person Serving Notice |
|---|---|---|---|
| DATE N/A | TIME N/A | ☑ CLASS 1   ☑ CLASS 2 | R. Burgy |

**NOTICE TO INMATE**

You are scheduled for a hearing on this allegation on the date and the time indicated or as soon thereafter as possible. You may remain silent, if you wish. Anything you say will be used against you both at the misconduct hearing and in a court of law if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you will be asked no further questions. If you are found guilty of a Class I misconduct, any pre-release status you have will be revoked.

**DC-804**
PART II

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS
### P.O. BOX 598
### CAMP HILL, PA 17001

| OFFICIAL INMATE GRIEVANCE INITIAL REVIEW RESPONSE | GRIEVANCE NO. | 0232-99 |
|---|---|---|

| TO: Brady Davis, BX-3685 | INSTITUTION SCI-Coal Township | QUARTERS RHU | GRIEVANCE DATE 5-22-99 |
|---|---|---|---|

Mr. Davis,

After reviewing your chart and speaking to our Medical Director, he informed me on the night of 5-22-99 your ACCU check was 220.  Prior to this reading, you had not taken your insulin for several days.  Dr. Kort decreased your insulin from your usual insulin dosage of 20 units of insulin daily, because your ACCU check was 220.  He stated that presently your usual dosage of insulin twice a day was much too high and that a much smaller dosage of insulin would be necessary to prevent hypoglycemia.

In the future, this may change depending on your diet and activity level.  You will be scheduled for your chronic illness.

6-3-99  sugar level 2 84  11:30 pm.

WJS/mp
cc:     Ms. Dascani
        Unit Manager
        Records Office
        File

| Refer to DC-ADM 804 Section VIII, for instructions on grievance system appeal procedures. | SIGNATURE OF GRIEVANCE COORDINATOR  *Norma J. Newell, CHCA* | DATE 6-3-99 |
|---|---|---|

*424*

Commonwealth of Pennsylvania
State Correctional Institution
at Coal Township, PA 17866

*June 10, 1999*

**Subject:**     Return of Official Inmate Grievance Dated *6/2/99*

**To:**     *Brady Davis BX-3685*
            *RHU*

**From:**     Kandis K. Dascani    *KK Dascani*
            Corrections Superintendent's Assistant

This Official Inmate Grievance is being returned to you because you have not complied with the following requirement(s) of DC-ADM 804, Consolidated Inmate Grievance Review System:

Section V. A. Procedures - Grievances and Appeals

*I suggest you write to Lt. Martin or Major McMahon*

(X) 1.   All grievances shall be in writing and in the format provided on the forms supplied by the institution (DC-804 Part 1).
         (X)   Requirement of instruction number three (3) has not been met.
(X) 2.   All grievances and appeals shall be presented individually. Group grievances and appeals are prohibited.
( ) 3.   Only an inmate who has been personally affected by a Department or Institution action or policy shall be permitted to seek review of a grievance or appeal. The inmate grievant must sign the grievance or appeal.
( ) 4.   All grievances and appeals must be presented in good faith. They shall include a brief statement of the facts relevant to the claim. The text of the grievance must be legible and presented in a courteous manner.
( ) 5.   Grievances and appeals based on different events should be presented separately unless it is necessary to combine the issues to support the claim.

Section VI. Initial Review

E.   Any inmate grievance may be addressed to the Inmate Grievance Coordinator except issues related to the following:
( ) 1.   DC-ADM 805 Policy & Procedures for Obtaining Pre-Release Transfer
( ) 2.   DC-ADM 801 - Inmate Disciplinary and Restricted Housing Unit Procedure. See DC-ADM 801 VI., G & I. Initial Review decision includes the decisions of the Hearing Examiner and PRC.
( ) 3.   DC-ADM 802 - Administrative Custody Procedures. See DC-ADM 802, VI, B, 1, 2. Appeal from Initial Review, see DC-ADM 802, VI, B, 4 a.

Additionally, there may be other kinds of issues for which Initial Review Procedures have been previously established by Administrative Memorandum or Policy Statement.

B.   Grievances must be submitted for initial review to the Facility Grievance Coordinator within fifteen (15) days after the events upon which the claims are based. Extensions of this time period may be granted by the Facility Manager for good cause.

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

99 JUN -5 AM 11: 18

**OFFICIAL INMATE GRIEVANCE**                    GRIEVANCE NO.

| TO: GRIEVANCE COORDINATOR | INSTITUTION *Coal Township* | DATE *6-2-99* |
| --- | --- | --- |
| FROM: (Commitment Name & Number) *Brady Davis BX-3685* | INMATE'S SIGNATURE *Brady Davis* | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT *R.H.U - H - 24* | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

On this day June 2, 1999 I was refused my food bag. This bag contain my diabetic food. I ask the sergeant if I could have it, he said I could not. Those officer is playing with my life. I'm a diabetic and take insulin and need that bag he refused me. This is arrogant. Someone has to do something about this operation it's out of Control.

B. Actions taken and staff you have contacted before submitting this grievance:

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator                                    Date

18

**DC-135A**

RECEIVED
SCI COAL TOWNSHIP

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE'S REQUEST TO STAFF MEMBER** '99 PM 2: 15

INSTRUCTIONS

MEDICAL DEPT.

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER)
"Medical" Miss Wilma Sewell

2. DATE
5-23-99

3. BY: (INSTITUTIONAL NAME AND NUMBER)
Brady Davis BX-3685

4. COUNSELOR'S NAME

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

I'm asking you to inform me concerning my medical treatments. I was told by the nurse that I was only receiving insulin once a day. I have not seen the doctor nor have I been tested after I eat to see if it's ok for me to only have it once a day. I be having headache at night, this could be from my sugar level to high. I need some assistance to get the proper treatment.

Thank you
"Brady D."

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

June 14, 1999

Brady Davis BX3685,
According to your medical chart proper protocol is being followed when dealing with your diabetic condition. As promised I will discuss your diabetic concerns with the Medical doctor. For now, the documentation states that your diabetic condition is controlled. Should you have any further medical problems, please sign for sick call.

☐ TO DC-14 CAR ONLY     ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER  J. Dando, RN

DATE 6/14/99

**DC-135A**

# 424

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) Parole Agent, Brian Stout

2. DATE 5-21-99

3. BY: (INSTITUTIONAL NAME AND NUMBER) Brady Paris BX-3685

4. COUNSELOR'S NAME

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT RHU-H

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.    GIVE DETAILS.

My parole max. date is incorrect please see attached sheet! It have 12-15-2001 it should have 4-4-2001

I've contacted my lawyer, but I need to see you. I know you want to see me while I'm in RHU I should not be here because I'll been    Thank you! incarcerate from 5-4-98 I'm not a new P.V. please write back! Brady Paris I'm to be review in June, I need to be stoped.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Unfortunately I do not calculate time & therefore Can not help you. You'll have to write to the parole Board. As far as getting staffes talk to your Counselor I have nothing to Do With that.

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER

DATE 5/25/99

**DC-135A**

## COMMONWEALTH OF PENNSYLVANIA
### DEPARTMENT OF CORRECTIONS

## INMATE'S REQUEST TO STAFF MEMBER

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

1. TO: (NAME AND TITLE OF OFFICER) Mr. Robert Medon

2. DATE 5-23-99

3. BY: (INSTITUTIONAL NAME AND NUMBER) Brady Faris BX-3685

4. COUNSELOR'S NAME

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT K.H.U. H-24

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

Mr. Medon, I'm writing you with respect. I need you to get me stopped. I'm scheduled to be review by the parole board in June. I was here for five months on a nine month hit. This is over half the required time for the violation which is nine month. I'm confidence in your power as a administrator to see that I'm treated properly.

"reply"

Thank you.
Brady F

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Your counselor is Mr. Custen.

He is aware of your case

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER  Medon

DATE 6/5/99

RECEIVED
SCI COAL TOWNSHIP

1999 MAY 25  PM 2: 15

MEDICAL DEPT.

Brady Davis
BX-3685
K.H.U. H-24

I'm a insulin patient a diabetic.
I came to Coaltownship on 5-20-99
I did not receive insulin intell 5-23-99.
On 5-22-99 I was taking to the dispensary
it was about 10:30 or 11:00 P.m. I'm in R.H.U.
I was humiliate by the Nurse who sum
me she was so unprofessional. When I
walked in "she said in a hostele way,
What is your problem?" I said I'm
a diabetic and need my sugar level chekd.
She said in a antagonist way that she
was not going to come over here to see
me ever night, I said I don't expect
her to, I just need my sugar level
taking before I take the insulin, because
if it to low it would be dangerous.
I'm in a cell by my self and there no
one to assist me. She said I was stupid
she was very hostle. My sugar level was
210, she call the doctor he told her not
to give me any insulin. He order her to send
me back to my cell.

(over)

DC-135A



INMATE'S REQUEST TO STAFF MEMBER

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) *Program Review Committee*

2. DATE 5-23-99

3. BY: (INSTITUTIONAL NAME AND NUMBER) *Brady Ypois BX-3685*

4. COUNSELOR'S NAME

5. WORK ASSIGNMENT

6. QUARTERS ASSIGNMENT *RNU*

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

*Please see attached sheet"*

*Thank You*

*Brady Pius*

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

*As it was explained to you during your PRC review, there is a limited # of available cells in general population. You should be released from RNU in about 2-3 weeks*

☒ TO DC-14 CAR ONLY /F

☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER *Thoma CCPM*

DATE 5/25/99

Mr. Brady Davis
Institution No. BX-3685
Parole No. 1362V
1 Kelley Drive
Coal Township, Pa. 17866

October 2, 1998

Mr. William Ward
     Chairman
Board Of Probation & Parole
P.O. Box 1661
3101 N. Front Street
Harrisburg, Pa. 17105-1661

Re: <u>Maximum Sentence, Parole No. 1362V</u>

Dear Mr. Ward,

This letter is with regards to a matter that seems to be complicated to me and the staff here at S.C.I.Coal Township. I received a **"Green Sheet"** on August 12, 1998 and it stated "for me to do a total of (9) nine months on my unexpired term.

However, I did not have (9) nine months remaining on my new status sheet. The new status sheet said, my sentence would remain unchanged which was from October 3, 1991 until October 3, 1998. I truly feel if the Board was going to change my Maximum Sentence Date it should have been on the Green Sheet so I would have had the opportunity to appeal what I thought was unfair.

Because the proper information was not in the Green Sheet I did not get the proper opportunity to exercise my right to Appeal under Due Process. I would like to know, why was I sent a Green Sheet if it did not mean anything? This Green Sheet did not have a, Review Date or a Release Date. There's nothing on record as of this date October 1, 1998 to say I'm to remain here past my Maximum. This is why I'm requesting an Appeal to determine what to Appeal.

There's nothing on my Green Sheet to Appeal if I was to do my unexpired term which is October 3, 1998. I'm told now I will be receiving another Green Sheet. How can I receive another Green Sheet without another hearing? All this has happen after the fact ~~org~~ the Board's action and decision on June 5, 1998. Thank you very much for your time and attention in this matter. I am awaiting your reply and consideration of this complex matter.

10/2/98

Very truly yours,

Mr. Brady Davis
No. BX-3685

cc: Filed
B.D./me
Certified Registered Mail
No. P 311 153 719

**DC-135A**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

RECEIVED
SCI COAL TOWNSHIP

**INMATE'S REQUEST TO STAFF MEMBER**

1999 MAY 25  PM 2: 15

MEDICAL DEPT.

**INSTRUCTIONS**

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Medical  Wilma Sewell | 2. DATE 5-23-99 |
|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Brady Davis  BX-3685 | 4. COUNSELOR'S NAME |
| 5. WORK ASSIGNMENT | 6. QUARTERS ASSIGNMENT R.H.U.  H-24 |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.    GIVE DETAILS.

Please see attached sheet!

Thank you!

Brady L

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

SUBJECT:   Inmate Untreated Medical Needs

TO:        Pennsylvania Official

FROM:      Brady Davis, BX-3685

I am sending this letter to you, my respectful state representative, on behalf of all chronic patients here at SCI - Coal Township, with myself included.

The chronic patients here are in serious trouble. We have put in numerous complaints concerning our medical treatment. The doctor here has cut some of our medication without having any justification; he simply tells us that we are in jail and we cannot get the treatment that we would be able to get in society. I understand that, but the law states that we have the right not to suffer just because we are prisoners. We have the right to life and health.

This institution has the proper medication, but feels we do not deserve it. This institution demonstrates this by feeling that saving money is more important than the health and life of the inmates here at Coal Township.

The inmates have put in grievances, but get no positive response. Numerous inmates have contacted their lawyers; others have put in their own petitions; some have contacted the Prison Society. The grievance coordinator, Mrs. Kandis Dascani, has reluctant concern for the inmates. She has demonstrated this by not doing anything about this matter. You can verify this information by interviewing all chronic patients.

I am asking as a tax payer and business person in Pennsylvania for the officials of our state to investigate this important matter. My state representative has contacted numerous agencies on this matter, but has not succeeded in his effort. We are asking for this investigation, because there are inmates who are suffering daily. Their lives are being shortened, by this shortage of medication.

We believe there is misappropriation going on. We need this investigation as soon as possible to save our lives. I would also like it to be known that I have contacted my state representative concerning my safety and liberty here at Coal Township, because of my concerns with the staff here. I was told that an inmate is not supposed to be punished for putting in a grievance, but it is done indirectly. I have information to show this. I feel this is the appropriate way to present this matter before we present it to the federal department.

I have a list of contact people, who can assist you with this investigation. We do not want the something to happen here that happened at SCI - Dallas. We have no implements of escape, but we have a medical problem that will lead to a massive problem with massive attention.

Please check with these contacts.  They have information concerning this matter.

(1)  Mrs. Nan McVaugh, Pennsylvania Prison Society
     She has received numerous complaints from inmates here.  Her telephone number is (215) or (610) 855-9814.

(2)  Charles Peruta, attorney for an inmate here.  His telephone number is (215) 925-5800.

(3)  State Representative John Myers, his offices have worked on this matter.  His telephone number is (215) 849-6898

(4)  You will receive numerous contacts when you speak with the inmates. We have confidence in our officials of this state to insure us that this will be a significance.

Thank you for your time and attention to this most important matter.

                          Sincerely,

                          Brady Davis, BX-3685
                          SCI - Coal Township
                          1 Kelley Drive
                          Coal Township, PA  17866-1021

OFFICIALS TO RECEIVE A LETTER

(1)   Robert Casey, Jr.
      Auditor General
      229 Finance Building
      Harrisburg, PA  17120-0018


(2)   D. Michael Fisher
      Attorney General
      16th Floor - Strawberry Square
      Harrisburg, PA  17120


(3)   Martin F. Horn
      Corrections Secretary
      Department of Corrections
      2520 Lisburn Road
      P.O. Box 598
      Camp Hill, PA  17001-0598


(4)   Daniel F. Hoffmann
      Department of Health
      802 Health and Welfare Building
      Harrisburg, PA  17108


(5)   Frank D. Gillis
      Superintendent
      SCI - Coal Township
      1 Kelley Drive
      Coal Township, PA  17866-1021



# CITY OF PHILADELPHIA
## CITY COUNCIL

DONNA MILLER
Room 316 City Hall
Philadelphia, Pennsylvania 19107
686-3424 or 3425
Fax No. 686-1937

COUNCILWOMAN - 8th DISTRICT

COMMITTEES
Chairlady
  Parks, Recreation & Cultural Affairs
Vice Chairlady
  Education
Member
  Committee of the Whole
  Appropriations
  Public Property & Public Works
  Streets & Services
  Commerce & Economic Development

**May 8, 1998**

COPY

To Whom It May Concern:

**ATTENTION:  Parole Board**

I am writing on the behalf of Mr. Brady L. Davis(BX 3635).  Brady is a constituent within my councilmanic district.

I know Brady to be a person who desires to always do the right thing. He has actively participated in several community events.  Brady makes a conscious effort to be a positive force in the community.  I believe he wants to make a difference for the better.

I support Brady L. Davis.  I know him to be a man who is trying hard to improve his life and the quality of life of those around him.  Should you have any questions regarding Brady L. Davis, please do not hesitate to call me.  Thank you for your time and consideration.

Sincerely,

Donna Miller

The Honorable Donna Reed Miller
City Council   Eighth District
City of Philadelphia

drm:djd

JOHN MYERS, MEMBER
305 SOUTH OFFICE BUILDING
HOUSE BOX 202020
HARRISBURG, PENNSYLVANIA 17120-2020
PHONE: (717) 787-3181
FAX: (717) 783-8724

5847 GERMANTOWN AVENUE
PHILADELPHIA, PENNSYLVANIA 19144
PHONE: (215) 849-6896
PHONE: (215) 849-6592
FAX: (215) 560-1824



## House of Representatives
### COMMONWEALTH OF PENNSYLVANIA
### HARRISBURG

COMMITTEES

AGRICULTURE & RURAL AFFAIRS
LIQUOR CONTROL
INTERGOVERNMENTAL AFFAIRS
POLICY

PA LEGISLATIVE BLACK CAUCUS
REGIONAL WHIP – PHILADELPHIA
DELEGATION

July 7, 1999

Board Members
Pa. Board of Probation and Parole

Attn:
Ms. Vicki Wilken, Director
Office of Legislative Affairs
Pa. Board of Probation and Parole
1101 South Front Street, Suite 5100
Harrisburg. Pa. 17104-2517

Re: Mr. Brady Davis, BX 3685

This letter is in support of the parole of Brady Davis, currently incarcerated at SCI Coal Township.

Mr. Davis has been incarcerated since May 4th, 1998. Since that time he has received not one infraction.

Prior to his arrest, Mr. Davis had established himself significantly in our community both as a businessperson and as an activist. He has also been very supportive to the campaigns of both Rep. John Myers, and Councilwoman Donna Reed Miller. Brady's much business ventures employ a total of 45 employees and through his real estate holdings, living units for over 43 families. There is also an organization to which he belongs that raises funds for college scholarships.

Since his incarceration, Brady's wife, Juanita, has handled all of the business matters. The strain of not having her husband home and of running the businesses are taking a toll on her.

I feel that Mr. Davis is ready to make a conscious effort toward parole compliance and I am secure in my support for his release.

recycled paper

Thank you in advance for your consideration and any assistance you can render to this matter. Feel free to contact my Administrative Assistant, Mr. Larry Simmons with any further questions.

Respectfully,

*John Myers*

John Myers
201st Legislative District

**Mt. Airy Concerned Businesses & Neighbors**
6631 Chew Avenue
Philadelphia, PA 19119
215-713-9190

November 19, 1998

Dear Honorable Judge Anthony Tressler,

Enclosed are copies of character letters from political figures , who have worked with Mr. Brady Davis within the community. Although these letters are directed to the parole board we hope that they will also assist you in determining whether Mr. Davis is an asset to the community or burden.

Although Mr. Davis has pleaded guilty to the stolen property charges, it was only out of his concern not to prolong the agony of being unintentionally involved in an act that is below his concept of today.

Mr. Davis is a very active business person in our community. He has numerous of businesses and employees. He has provided a lot of people with jobs and places to stay.

We are hoping that you will find it in conscienousness that, Mr. Davis need a positive decision in the matter that will be presented before you on, November 30, 1998.

We appreciate your time and consideration in this matter.

Sincerely,

Marlon Gordon
Mt. Airy Concerned Businesses &
Neighbor

Enclosure

cc: Steven Farlie
cc: John Haskin

FORM DC-23B

# SENTENCE STATUS CHANGE REPORT

**COMMONWEALTH OF PENNSYLVANIA**
DEPARTMENT OF CORRECTIONS

SID# 09857338

| INSTITUTIONAL NUMBER | PBP NUMBER | COMMITMENT NAME | INSTITUTION | DATE OF REPORT |
|---|---|---|---|---|
| BX-3685 | 1362 V | Davis, Brady | SCICT | 5-14-98 |

A SENTENCE STATUS CHANGE REPORT IS SUBMITTED ON THE ABOVE INMATE, AS INDICATED BY THE CHECKED SECTION (S)

☒ 1. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS AS FOLLOWS:

| SENTENCE | EFFECTIVE DATE | EFFECTIVE DATE-PV | MINIMUM DATE | MAXIMUM DATE | BACKTIME IF PV | PV MAXIMUM DATE |
|---|---|---|---|---|---|---|
| 3y,6m to 7y | 10-3-91 | | 4-3-95 | 10-3-98 | | |

| OFFENSE (S) | COURT — INDICTMENT NUMBER — TERM |
|---|---|
| Poss. C/S | CP#1375:12/90 |

| COUNTY | REMARKS |
|---|---|
| Philadelphia | Paroled on 7-19-95 |

☒ 2. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS CHANGED AS FOLLOWS:

| TYPE OF CHANGE | ☐ OVERLAPPING CONCURRENT SENT. | ☐ UNDERLAPPING CONCURRENT SENT. | ☐ RECONSIDERED SENTENCE | ☐ CORRECTED COMMITMENT | ☐ COMMUTED SENTENCE | ☒ RECOMPUTED SENTENCE |
|---|---|---|---|---|---|---|

| SENTENCE | EFFECTIVE DATE | EFFECTIVE DATE-PV | MINIMUM DATE | MAXIMUM DATE | BACKTIME IF PV | PV MAXIMUM DATE |
|---|---|---|---|---|---|---|
| 3y,6m to 7y | 10-3-91 | PVP | 4-3-95 | 10-3-98 | PVP | PVP |

| PROSECUTING POLICE DEPARTMENT | JUDGE | DATE OF SENTENCE | PLEA | ESCAPE TIME |
|---|---|---|---|---|
| Philadelphia PD | A. Defino | 10-3-91 | N. Guilty | |

| OFFENSE (S) | COURT — INDICTMENT NUMBER — TERM |
|---|---|
| Poss. C/S | CP#1375:12/90 |

| COUNTY | REMARKS |
|---|---|
| Philadelphia | |

☐ 3. FOLLOWING COMPLETION OF THIS INMATE'S CURRENT SENTENCE, HE WILL BE REENTERED TO SERVE THE FOLLOWING:

| SENTENCE | JUDGE | DATE OF SENTENCE | PLEA | REENTER AT |
|---|---|---|---|---|
| | | | | |

| OFFENSE (S) | COURT — INDICTMENT NUMBER — TERM |
|---|---|
| | |

| COUNTY | REMARKS |
|---|---|
| | |

☐ 4. A DETAINER HAS BEEN LODGED AGAINST THIS INMATE AS FOLLOWS: (PLEASE SEE OVER)

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | REMARKS |
|---|---|---|
| | | |

☐ 5. A DETAINER PREVIOUSLY LODGED AGAINST THIS INMATE HAS BEEN DROPPED AS FOLLOWS:

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | METHOD OF DISPOSITION | REMARKS |
|---|---|---|---|
| | | | |

☐ 6. YOUR APPLICATION FOR COMMUTATION HAS BEEN REVIEWED BY THE BOARD OF PARDONS, AND IT WAS:

| ☐ GRANTED — SEE SECTION #2 ABOVE | ☐ CONTINUED | ☐ REFUSED |
|---|---|---|
| ☐ HELD UNDER ADVISEMENT | ☐ WITHDRAWN | ☐ PASSED |

☐ 7.

34

| RECORD OFFICER'S SIGNATURE | RECORD OFFICER'S NAME |
|---|---|
| | James N. Stahl, Records Specialist II |

WHITE—Inmate's Copy     PINK—DRS'S Copy     CANARY—PBP'S Copy     BLUE—BCI'S Copy

FORM DC-23B

# SENTENCE STATUS CHANGE REPORT

**COMMONWEALTH OF PENNSYLVANIA**

DEPARTMENT OF CORRECTIONS

SID#09257338

| NSTITUTIONAL NUMBER | PBP NUMBER | COMMITMENT NAME | INSTITUTION | DATE OF REPORT |
|---|---|---|---|---|
| BX-3635 | 1262 V | Davis, Brady | Coal Twp | 6-18-98 |

A SENTENCE STATUS CHANGE REPORT IS SUBMITTED ON THE ABOVE INMATE, AS INDICATED BY THE CHECKED SECTION (S)

**☒ 1. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS AS FOLLOWS:**

| SENTENCE | EFFECTIVE DATE | EFFECTIVE DATE-PV | MINIMUM DATE | MAXIMUM DATE | BACKTIME IF PV | PV MAXIMUM DATE |
|---|---|---|---|---|---|---|
| 3y6m-7y | 10-3-91 | PVP | 4-3-95 | 10-3-98 | PVP | PVP |

| OFFENSE (S) | | COURT — INDICTMENT NUMBER — TERM |
|---|---|---|
| Poss. C/S | | CP#1375;12/90 |

| COUNTY | REMARKS |
|---|---|
| Philadelphia | This sentence will remain unchanged, see Box 4. |

**☐ 2. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS CHANGED AS FOLLOWS:**

| TYPE OF CHANGE | ☐ OVERLAPPING CONCURRENT SENT. | ☐ UNDERLAPPING CONCURRENT SENT. | ☐ RECONSIDERED SENTENCE | ☐ CORRECTED COMMITMENT | ☐ COMMUTED SENTENCE | ☐ RECOMPUTED SENTENCE |
|---|---|---|---|---|---|---|

| SENTENCE | EFFECTIVE DATE | EFFECTIVE DATE-PV | MINIMUM DATE | MAXIMUM DATE | BACKTIME IF PV | PV MAXIMUM DATE |
|---|---|---|---|---|---|---|
| | | | | | | |

| PROSECUTING POLICE DEPARTMENT | JUDGE | DATE OF SENTENCE | PLEA | ESCAPE TIME |
|---|---|---|---|---|
| | | | | |

| OFFENSE (S) | COURT — INDICTMENT NUMBER — TERM |
|---|---|
| | |

| COUNTY | REMARKS |
|---|---|
| | |

**☐ 3. FOLLOWING COMPLETION OF THIS INMATE'S CURRENT SENTENCE, HE WILL BE REENTERED TO SERVE THE FOLLOWING:**

| SENTENCE | JUDGE | DATE OF SENTENCE | PLEA | REENTER AT |
|---|---|---|---|---|
| | | | | |

| OFFENSE (S) | COURT — INDICTMENT NUMBER — TERM |
|---|---|
| | |

| COUNTY | REMARKS |
|---|---|
| | |

**☒ 4. A DETAINER HAS BEEN LODGED AGAINST THIS INMATE AS FOLLOWS: (PLEASE SEE OVER)**

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| Montgomery Co. | Failure To Appear |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | REMARKS |
|---|---|---|
| 5-29-98 | 6471-97 | E2112946 |

**☐ 5. A DETAINER PREVIOUSLY LODGED AGAINST THIS INMATE HAS BEEN DROPPED AS FOLLOWS:**

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | METHOD OF DISPOSITION | REMARKS |
|---|---|---|---|
| | | | |

**☐ 6. YOUR APPLICATION FOR COMMUTATION HAS BEEN REVIEWED BY THE BOARD OF PARDONS, AND IT WAS:**

| ☐ GRANTED — SEE SECTION #2 ABOVE | ☐ CONTINUED | ☐ REFUSED |
|---|---|---|
| ☐ HELD UNDER ADVISEMENT | ☐ WITHDRAWN | ☐ PASSED |

☐ 7.

35

| RECORD OFFICER'S SIGNATURE | RECORD OFFICER'S NAME |
|---|---|
| | William C. Carta |
| | Records Specialist II |

FORM DC-23B

# SENTENCE STATUS
# CHANGE REPORT **424**

COMMONWEALTH OF PENNSYLVANIA

DEPARTMENT OF CORRECTIONS

SID #098-57-33-8

| INSTITUTIONAL NUMBER | PBP NUMBER | COMMITMENT NAME | | INSTITUTION | DATE OF REPORT |
|---|---|---|---|---|---|
| BX-3685 | 1362-V | DAVIS, BRADY | | SCICT | 5/21/99 |

A SENTENCE STATUS CHANGE REPORT IS SUBMITTED ON THE ABOVE INMATE, AS INDICATED BY THE CHECKED SECTION (S)

☒ 1. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS AS FOLLOWS:

| SENTENCE | EFFECTIVE DATE | EFFECTIVE DATE-PV | MINIMUM DATE | MAXIMUM DATE | BACKTIME IF PV | PV MAXIMUM DATE |
|---|---|---|---|---|---|---|
| 3y6m to 7y | 10/3/91 | 3/3/99 | 4/3/95 | 10/3/98 | 2y9m12d | 12/15/2001 |

| OFFENSE (S) | COURT — INDICTMENT NUMBER — TERM |
|---|---|
| Poss C/S ~~I was arrested~~→ 5-6-98 | CP#1375:12/90 |

| COUNTY | REMARKS |
|---|---|
| Phila | Received at SCI Coal Twp. as a Technical Convicted Violator. |

☐ 2. THE SENTENCE WHICH THIS INMATE IS CURRENTLY UNDERGOING IS CHANGED AS FOLLOWS:

| TYPE OF CHANGE | ☐ OVERLAPPING CONCURRENT SENT. | ☐ UNDERLAPPING CONCURRENT SENT. | ☐ RECONSIDERED SENTENCE | ☐ CORRECTED COMMITMENT | ☐ COMMUTED SENTENCE | ☐ RECOMPUTED SENTENCE |
|---|---|---|---|---|---|---|
| SENTENCE | EFFECTIVE DATE | EFFECTIVE DATE-PV | MINIMUM DATE | MAXIMUM DATE | BACKTIME IF PV | PV MAXIMUM DATE |
| | | | | | | |

| PROSECUTING POLICE DEPARTMENT | JUDGE | DATE OF SENTENCE | PLEA | ESCAPE TIME |
|---|---|---|---|---|
| | | | | |

| OFFENSE (S) | COURT — INDICTMENT NUMBER — TERM |
|---|---|
| | |

| COUNTY | REMARKS |
|---|---|
| | |

☐ 3. FOLLOWING COMPLETION OF THIS INMATE'S CURRENT SENTENCE, HE WILL BE REENTERED TO SERVE THE FOLLOWING:

| SENTENCE | JUDGE | DATE OF SENTENCE | PLEA | REENTER AT |
|---|---|---|---|---|
| | | | | |

| OFFENSE (S) | COURT — INDICTMENT NUMBER — TERM |
|---|---|
| | |

| COUNTY | REMARKS |
|---|---|
| | |

☐ 4. A DETAINER HAS BEEN LODGED AGAINST THIS INMATE AS FOLLOWS: (PLEASE SEE OVER)

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | REMARKS |
|---|---|---|
| | | |

☐ 5. A DETAINER PREVIOUSLY LODGED AGAINST THIS INMATE HAS BEEN DROPPED AS FOLLOWS:

| FROM (INCLUDING ADDRESS) | CHARGING |
|---|---|
| | |

| DETAINER DATE | INDICTMENT-WARRANT NOS. | METHOD OF DISPOSITION | REMARKS |
|---|---|---|---|
| | | | |

☐ 6. YOUR APPLICATION FOR COMMUTATION HAS BEEN REVIEWED BY THE BOARD OF PARDONS, AND IT WAS:

| ☐ GRANTED -- SEE SECTION #2 ABOVE | ☐ CONTINUED | ☐ REFUSED |
|---|---|---|
| ☐ HELD UNDER ADVISEMENT | ☐ WITHDRAWN | ☐ PASSED |

☐ 7.

*36*

| RECORD OFFICER'S SIGNATURE | RECORD OFFICER'S NAME |
|---|---|
| *Cindy Kozar* | Cindy Kozar, RSII |



NOTICE OF BOARD DECISION
PBPP-15(5/96)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

*10-7-98*

DATE: 072498

CLIENT NAME: BRADY DAVIS

PAROLE NO: 1362V

INSTITUTION: SCI - COAL TOWNSHIP
SCI COAL TWP. CASE

INSTITUTION NO: BX3685

AS RECORDED ON 060598 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

*>10-3-98*

RECOMMIT TO A STATE CORRECTIONAL INSTITUTION WHEN AVAILABLE AS A TPV TO
SERVE UNEXPIRED TERM AND AS A CPV TO SERVE 9 MONTHS CONCURRENTLY, FOR A
TOTAL OF 9 MONTHS ON BACKTIME.
UNEXPIRED TERM FOR VIOLATION OF CONDITION #3B, FAILURE TO NOTIFY PAROLE
SUPERVISION STAFF WITHIN 72 HOURS OF ANY ARREST. EVIDENCE RELIED UPON:
YOUR ADMISSION. REASONS: YOU ARE CONSIDERED A THREAT TO THE SAFETY OF
THE COMMUNITY. VIOLATION ESTABLISHED.
9 MONTHS FOR THE OFFENSE OF RECEIVING STOLEN PROPERTY. EVIDENCE RELIED
UPON: CERTIFIED COPY OF COURT RECORD PROVING CONVICTION. REASON:
CONVICTION IN COURT OF RECORD ESTABLISHED.
WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM
REQUIREMENTS AND HAVE NO MISCONDUCTS.
(HR 5/12/98) (RS)
IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRA-
TIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST
SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGA-
TIONS. SEE 37 PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY
IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.
DATE MAILED

AUG 12 1998

CC: JOHN D'LAURO, ESQUIRE
CC: SUPERINTENDENT
CC: SUB-OFFICE TIOGA

CLIENT COPY
BRADY DAVIS
SCI - COAL TOWNSHIP
ONE KELLY DRIVE
SHAMOKIN, PA

BX3685

.17872

W. CONWAY BUSHEY
BOARD SECRETARY

NOTICE OF BOARD DECISION
PBPP-16(6/98)

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE: 050399

CLIENT NAME: BRADY DAVIS                                    PAROLE NO: 1362V

INSTITUTION: SCI - GRATERFORD                          INSTITUTION NO: BX3685

050399          THE BOARD OF PROBATION AND PAROLE RENDERED THE

AS RECORDED ON
FOLLOWING DECISION IN YOUR CASE:

- REFER TO BOARD ACTION OF 6-5-98 TO RECOMMIT TO A STATE CORRECTIONAL
  INSTITUTION AS A TECHNICAL PAROLE VIOLATOR AND AS A CONVICTED PAROLE
  VIOLATOR TO SERVE 9 MONTHS CONCURRENTLY; FOR A TOTAL OF 9 MONTHS
  BACKTIME.

  WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM
  REQUIREMENTS AND HAVE NO MISCONDUCTS.

  REVIEW IN OR AFTER JUNE, 1999.

  IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRA-
  TIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER.   THIS REQUEST
  SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGA-
  TIONS.   SEE 37 PA CODE SEC. 73.   YOU HAVE THE RIGHT TO AN ATTORNEY
  IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.
  DATE MAILED MAY 0 3 1999

(JGA 5/3/99)

PAROLE VIOLATION MAX DATE: 121501

RECEIVED - PBPP
99 MAY -5 PM 1:16
SCI - GRATERFORD

I received my copy of this notice

NAME _Brady Davis_

WITNESS _M. Bren_    DATE _5-11-99_

CC: JOHN D'LAURO, ESQUIRE

CLIENT COPY
BRADY DAVIS              BX3685
SCI - GRATERFORD
P. O. BOX 244
GRATERFORD, PA
                    19426

_William F. Ward_
William F. Ward
Chairman

NOTICE OF BOARD DECISION
PBPP-15(6/96)

## COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

### DATE: 09/14/1999

**CLIENT NAME:** BRADY DAVIS                              **PAROLE NO:** 1362V

**INSTITUTION:** SCI - COAL TOWNSHIP                      **INSTITUTION NO:** BX3685

AS RECORDED ON 09/14/1999 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF
PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY OF
THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE
ACHIEVED THROUGH YOUR RELEASE ON PAROLE.  YOU ARE THEREFORE REFUSED PAROLE AND
ORDERED TO:

BE REVIEWED IN OR AFTER SEPTEMBER, 2000.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:

WHETHER YOU HAVE SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR:
DECISION MAKING.
WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE
DEPARTMENT OF CORRECTIONS.
WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE
DEPARTMENT OF CORRECTIONS PRESCRIPTIVE PROGRAM(S)

KLD 9/14/99

PAROLE VIOLATION MAX DATE:  12/15/2001

CLIENT COPY
BRADY DAVIS                          BX3685
SCI - COAL TOWNSHIP
ONE KELLY DRIVE
SHAMOKIN, PA        17872

*Kathleen Zwierzyna*

KATHLEEN ZWIERZYNA
BOARD SECRETARY

# To Be Served

Superintendent, Frank L. Gillis
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866

Medical Administrator, Wilma Wewell
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866

Unit Manager, Lee Grover
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866

Counselor, Charles Custer
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866

Parole Board Chairman, William Ward
P.O. Box 1661
3101 N. Front St.
Harrisburg, PA 17105-1661

Medical Director,
Joseph Kort
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866

Parole Supervisor, Brian Stout
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866

Record Supervisor, Raymond W. Reeder
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866