IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADY L. DAVIS                    :        CIVIL ACTION

     V.                           :        NO.: 1:00-CV-00543

FRANK GILLIS, JOSEPH KORT, M.D., et :
al.                               :        JURY TRIAL DEMAND
                                  :        Judge Rambo

**FILED**
**SCRANTON**

AUG 21 2000

PER _____

DEPUTY CLERK

MOTION OF JOSEPH KORT, M.D. TO DISMISS THE COMPLAINT OF
BRADY L. DAVIS

     Joseph Kort, M.D. ("Kort") respectfully requests that this Court grant his motion to dismiss the complaint of Brady L. Davis ("Davis") and states in support thereof the following:

    1.    Davis, an inmate, in the prison system of the Commonwealth of Pennsylvania, has filed a complaint against Kort, a physician, and various state officials contending that they violated his constitutional rights pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985 and 42 U.S.C. §1986. A copy of the complaint appears hereto as Exhibit "A".

    2.    Davis asserts that various state officials violated his constitutional rights pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution by extending the time period that he served in prison. He does not allege that Kort had any involvement in this.

    3.    His only assertions against Kort result from his believe that Kort provided inappropriate medical care to him for his diabetes while he served as an inmate at the State Correctional Institution at Coal Township ("SCI-Coal"). See Exhibit "A", paragraphs 22 to 37.

    4.    Davis has failed to state a cause of action against Kort pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1981, and 42 U.S.C. §1986 and pursuant to any federal cause of

action because he has not alleged that he has exhausted his administrative remedies. An examination of the averments of his complaint shows that he has made no such contention. The Department of Corrections of the Commonwealth of Pennsylvania provides a three tiered administrative process for complaints relating to inadequate medical care. The procedure also provides for the award of monetary damages by the Department of Corrections. A copy of the administrative regulations that apply issued by the Department of Corrections of the Commonwealth of Pennsylvania appear hereto as Exhibit "B".

     5.     The Congress of the United States requires that all inmates exhaust available administrative remedies prior to initiating any cause of action contending that they received inadequate medical care based on 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985 and 42 U.S.C. §1986. Congress has done this by enacting 42 U.S.C. §1997e(a). That statute states:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statute of the United States (42 U.S.C. §1983) or any other Federal Law by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

     6.     Since Davis has failed to exhaust his administrative remedies his claims against Kort must be dismissed. The United States Court of Appeals for the Third Circuit reached this conclusion in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) conclusively determining that the exhaustion requirements of 42 U.S.C. §1997e(a) apply to bar the complaint of Davis. According to the United States Court of Appeals for the Third Circuit in Nyhuis, supra, Congress has created a mandatory exhaustion requirement. The United States Court of Appeals for the Third Circuit held that it makes no difference to the requirement that exhaustion of administrative remedies occur whether the administrative remedy

actually has the ability to provide meaningful relief to the prisoner/plaintiff.  In <u>Nyhuis</u>, <u>supra</u>, the

prisoner/plaintiff sought monetary damages.  The administrative relief available did not provide for

monetary damages. The Court of Appeals concluded that this made no difference and that the

plaintiff/inmate still had to exhaust his administrative remedies despite the exhaustion of the

administrative remedies serving no purpose.  The Court of Appeals specifically rejected the futility or

uselessness argument which some courts in other Circuits have adopted.  The United States Court of

Appeals for the Third Circuit concluded that the futility of the administrative remedy has no relevance to

the need to utilize the exhaustion requirement imposed by Congress and that inmates must always utilize

their administrative remedies.

   7.  In <u>Peoples v. Mohadjerin</u>, No. 3:97-0205 (M.D. Pa. 1997), Judge Conaboy applied

the exhaustion requirement to an inmate's claim of inadequate medical care brought pursuant to 42

U.S.C. §1983.  Judge Conaboy held that the exhaustion requirement applied to such a claim.  He

dismissed the complaint without prejudice because although the inmate had submitted a grievance he

failed to appeal the denial of the grievance.  A copy of Judge Conaboy's opinion in <u>Peoples</u>, <u>supra</u>,

appears hereto as Exhibit "C".

   8.  Davis seeks to proceed against Kort based on 42 U.S.C. §1981, 42 U.S.C. §1983,

42 U.S.C. §1985 and 42 §1986.  These constitute the very federal laws to which Congress intended

the exhaustion requirement to apply when it enacted 42 U.S.C. §1997e(a).

   9.  Consequently, Davis has failed to state a cause of action as a matter of law.  His

complaint must be dismissed until he exhausts his administrative remedies.

   10.  Davis has failed to state a cause of action pursuant to 42 U.S.C. §1981 as a matter of

law.  42 U.S.C. §1981 requires that a plaintiff allege racial animus as a basis for the violation

complained of.  Dennis v. Thurman, 959 F.Supp. 1253 (C.D. Cal. 1997); 42 U.S.C. §1981.  The

statute by its own terms requires an allegation of conduct based on racial hostility.

11.     An examination of the complaint shows that Davis never alleges that any action taken

by Kort against him resulted from Davis' race.  Davis never even identifies his race.  See Exhibit "A".

12.     David has also failed to state a cause of action as a matter of law based on conspiracy

pursuant to 42 U.S.C. §1985.  To state a claim under 42 U.S.C. §1985 Davis must allege: (1) a

conspiracy, (2) motivated by a racial or class based invidiously discriminatory animus, (3) to deprive

one of equal protection of the law; (4) that the conspirators committed some act in furtherance of the

conspiracy; and that (5) the plaintiff was injured in his person or property or deprived of a right or

privilege as a United States Citizen.  Hill v. Borough of Swathmore, 4 F.Supp. 2d 395 (E.D. Pa.

1998).

13.     An examination of the complaint shows a complete and total failure of Davis to identify

a class based animus.  He does not contend that Kort engaged in a conspiracy against him.  He does

not assert that Kort engaged in a conspiracy against him because of his race.  He never identifies his

race.  To state a claim pursuant to 42 U.S.C. §1985, Davis must allege either membership in a class

based upon immutable characteristics for which the members of the class have no responsibility or that

they have been victims of historically pervasive discrimination.  Carchman v. Korman Corp., 594 F.2d

354 (3d Cir. 1979) cert. den., 444 U.S. 898.  The complaint of Davis contains no such allegations.

14.     Davis may contend that his status as a prisoner meets the requirement of class based

animus pursuant to 42 U.S.C. §1985.  Every court to consider this assertion has rejected it.  Litz v.

City of Allentown, 896 F.Supp. 1401 (E.D. Pa. 1995); Justice v. Coughlin, 941 F.Supp. 1312 (N.D.

N.Y. 1996); Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y. 1995); Stuck v. Aikens, 760 F.Supp. 740

(N.D. Ind. 1991).

     15.    A second reason exists which requires the dismissal of the complaint of Davis against

Kort based on 42 U.S.C. §1985.  He has failed to plead a conspiracy at all.  He makes no mention of

a conspiracy.  Burden v. Wilkes-Barre Area High School Dist., 16 F.Supp. 2d 569 (M.D. Pa. 1998).

Consequently, he has failed to allege an essential element required to state a claim pursuant to 42

U.S.C. §1985.

     16.    The complaint of Davis fails to state a cause of action pursuant to 42 U.S.C. §1986

because in order to state a cause of action pursuant to that statute a plaintiff must allege a cause of

action pursuant to 42 U.S.C. §1985.  Koch v. Mirza, 869 F.Supp. 1031 (W.D.N.Y. 1994); Kessler

v. Monsour, 865 F.Supp. 234 (M.D. Pa. 1994).  For the reasons previously indicated herein Davis has

failed to state a cause of action pursuant to 42 U.S.C. §1985.

     WHEREFORE, Joseph Kort, M.D. respectfully requests that his motion to dismiss the

complaint of Brady L. Davis be granted.

                           MONAGHAN & GOLD, P.C.

BY: _____
                     ALAN S. GOLD
                     Attorney for Defendant,
                     Joseph Kort, M.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADY L. DAVIS                       :        CIVIL ACTION

    V.                              :        NO.: 1:00-CV-00543

FRANK GILLIS, JOSEPH KORT, M.D., et :
al.                                           JURY TRIAL DEMAND
                                     :        Judge Rambo

<u>ORDER</u>

AND NOW, this   day of            , 2000, it is hereby ORDERED that the Motion to

Dismiss of Joseph Kort, M.D. is GRANTED and the Complaint is DISMISSED for failure to exhaust

administrative remedies and because it fails to state a claim based on 42 U.S.C. §1981, 42 U.S.C.

§1985 and 42 U.S.C. §1986.

                               _____

                               THE HON. SYLVIA H. RAMBO, UNITED
                               STATES DISTRICT JUDGE