IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRADY L. DAVIS | : | CIVIL ACTION |
| V. | : | NO.: 1:00-CV-00543 |
| FRANK GILLIS, JOSEPH KORT, M.D., et al. | : | JURY TRIAL DEMAND |
| | : | Judge Rambo |

FILED
SCRANTON
AUG 21 2000
PER _____ DEPUTY CLERK

BRIEF OF JOSEPH KORT, M.D. IN SUPPORT OF HIS MOTION
TO DISMISS THE COMPLAINT OF BRADY L. DAVIS

I. PROCEDURAL HISTORY

Brady L. Davis ("Davis") contends that while incarcerated as an inmate at the State Correctional Institution at Coal Township ("SCI-Coal"), Superintendent Frank Gillis, Medical Administrator W. Sewell, Joseph Kort, M.D. ("Kort"), Unit Manager Lee Grover, Counselor C. Custar, Parole Board Chairman W. Ward, Parole Supervisor Brian Stout, and Records Supervisor Raymond W. Reeder violated his constitutional rights. He attempts to state causes of action based upon 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985 and 42 U.S.C. §1986. He alleges a violation of the Eighth and Fourteenth Amendments of the United States Constitution. Although he invokes the Court's supplemental jurisdiction for state law tort claims an examination of the complaint shows that he asserts none.

Kort has filed a motion to dismiss the complaint on several different grounds. First, he asserts that Davis has not alleged that he has exhausted his administrative remedies prior to initiating his complaint in this Court. An examination of the complaint shows that Davis has not exhausted his administrative remedies.

1

Second, Kort also asserts that Davis has failed to state a cause of action pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985 and 42 U.S.C. §1986 as a matter of law. All of these statutes depend upon an allegation of racial animus or class based animus. An examination of the complaint shows that no such averments appear anywhere in the complaint.

Third, in order to state a cause of action pursuant to 42 U.S.C. §1985, Davis must allege a conspiracy. He has failed to do so.

## II. STATEMENT OF THE FACTS

According to the complaint, Davis contends that various prison officials held him within the state correctional system longer than they had the right to. See Exhibit "A", paragraphs 12 through 21. None of these allegations relate to Kort. Kort, a physician, had nothing to do with the release date of Davis or where he served his sentence.

The averments against Kort relate to Davis' contention that Kort refused to provide him with adequate care for his diabetes. See Exhibit "A", paragraphs 22 through 37. Many of the allegations in the complaint relating to medical care failed to identify Kort and seem to refer to another doctor.

According to the complaint, Davis has never exhausted any of the administrative remedies provided to him by the Department of Corrections of the Commonwealth of Pennsylvania.

## III. STATEMENT OF THE QUESTIONS INVOLVED

1. Should the complaint of Davis be dismissed where he attempts to state causes of action based on 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985 and 42 U.S.C. §1986 relate to prison conditions involving inadequate medical care when he has not exhausted the available administrative remedies provided to him by the Department of Corrections of the Commonwealth of

2

Pennsylvania?

2.  Has Davis stated a cause of action pursuant to 42 U.S.C. §1985 when he has not indicated that any conspiracy directed against him stems from class based animus?

3.  Has Davis stated a cause of action pursuant to 42 U.S.C. §1985 when he has not indicated that Kort participated in any conspiracy directed against him.?

4.  Has Davis stated a cause of action pursuant to 42 U.S.C. §1986 when he has not alleged a claim pursuant to 42 U.S.C. §1985?

5.  Has Davis stated a cause of action pursuant to 42 U.S.C. §1981 when he has not indicated that Kort acted against him based on racial animus?

## IV. ARGUMENT

A.  The Failure Of Davis To Exhaust His Administrative Remedies Bars All Of His Claims Based On 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985 and 42 U.S.C. §1986.

An examination of the complaint of Davis shows that he has not exhausted any of the available administrative remedies. No indication exists that he utilized any of the procedures provided to him by the Department of Corrections of the Commonwealth of Pennsylvania. The Department of Corrections of the Commonwealth of Pennsylvania has a consolidated inmate grievance procedure, DC-ADM804 effective November 20, 1994. As of 1998 it also provided for the award of monetary damages. That procedure provides that after attempted informal resolution of the problem a written grievance must be submitted by the inmate to the grievance coordinator. An appeal from the coordinator's decision may be made in writing to a facility manager or to a community correctional regional director. A final written appeal may be presented to the Central Review Committee. If the grievance concerns a medical

3

problem any appeal must be taken to the Central Office Medical Review Committee. This procedure provides for the discretionary award of monetary relief by means of the administrative proceedings. A copy of the procedures contained in DC-ADM804 appear hereto as Exhibit "B".

The complaint of Davis against Kort concerns a medical problem. He contends that he received inadequate medical care for his diabetes from Kort. The entire complaint relates to conduct that occurred while Davis served time as an inmate in a state correctional facility.

According to the complaint, Davis never filed a grievance concerning Kort. According to the complaint he did not appeal to the facility manager or community correctional regional director. According to the complaint he never presented an appeal to the Central Office Medical Review Committee. No indication exists that he ever sought monetary damages by means of filing a grievance or by appealing a denial of that grievance to the facility manager or community correctional regional director. He never sought monetary damages from the administrative process provided for by DC-ADM804.

Davis had to exhaust administrative remedies prior to filing any cause of action in this Court based upon 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1986 or the United States Constitution. The Congress of the United States has mandated that Davis exhaust his administrative remedies. Congress enacted 42 U.S.C. §1997e(a) barring any prisoner in any prison in the United States from initiating any action relating to any prison condition, including medical care, without exhausting all available administrative remedies first. That provision reads in relevant part as follows:

No action shall be brought with respect to prison conditions under

4

> Section 1979 of the revised statute of the United States (42 U.S.C. §1983) or any other Federal Law by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This provision makes no distinction between an action for damages, injunctive relief or both. See <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000); <u>Peoples v. Mohadjerin</u>, No. 3:97-0205 (M.D. Pa. 1997), attached hereto as Exhibit "C". Thus, prisoners have to exhaust available administrative remedies prior to initiating a prison condition case based on ineffective medical care brought pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985 or 42 U.S.C. §1986.

On February 15, 2000, the United States Court of Appeals for the Third Circuit in <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000) decisively concluded that the exhaustion of administrative remedies requirement contained in the Prison Litigation Reform Act of 1996, 42 U.S.C. §1997e(a) applied to any claim by an inmate brought pursuant to 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985 and 42 U.S.C. §1986 regardless of the relief sought. The Court of Appeals expressly rejected the so called futility argument. The Court of Appeals held that it made no difference whether or not the inmate sought only monetary damages in his federal court claim and the administrative proceeding offered no monetary damages to him. The Court of Appeals indicated that Congress had enacted a mandatory exhaustion requirement regardless of the effectiveness of the available administrative remedies. But here the administrative remedies did offer monetary damages. But it makes no difference if it did not. Davis still had to utilize his administrative remedies. He did not.

In <u>Sykes v. Horn, et al.</u>, Civil Action No. 99-6208 (E.D. Pa. 2000) Judge Robreno of this Court concluded that the exhaustion requirements of 42 U.S.C. §1997e(a) applied to a contention by

5

an inmate that he received inadequate medical care while incarcerated pursuant to 42 U.S.C. §1983. The court concluded that the failure of the inmate to exhaust his administrative remedies resulted in the dismissal of his complaint. See a copy of the court's opinion attached hereto as Exhibit "D".

Every federal court to consider the issue has concluded that allegations relating to inadequate medical care constitutes a prison condition to which the exhaustion requirement of 42 U.S.C. §1997e(a) applies. Judge Conaboy reached that conclusion in Peoples v. Mohadjerin, No. 3:CV-97-0205 (M.D. Pa. 1997), Exhibit "C".

In Vasquez v. Artuz, 1999 W.L. 440631 (S.D. N.Y. 1999) the court concluded that the exhaustion requirements of 42 U.S.C. §1997e(a) apply to claims involving medical deprivation by physicians. In Cruz v. Jordan, 1991 W.L. 557519 (S.D.N.Y. 1999) the court reached the same conclusion. The court stated:

> I thus hold that plaintiff's claim concerning defendants' deliberate indifference to his medical needs is an action 'with respect to prison conditions' both because a natural reading of that phrase includes such claims and because such allegations concern 'the effects of actions by government officials on the lives of persons confined in prison.' ...Accordingly, I hold the plaintiff's claims that doctors and guards mistreated him and ignored his calls for help is governed by the exhaustion requirement of Section 1997e(a). Id. at 6.

B.     Davis Has Failed To State A Claim Pursuant To 42 U.S.C. §1981 Because He Has Not Alleged That Kort's Conduct Toward Him Resulted From Davis' Race.

Davis attempts without success to state a cause of action pursuant to 42 U.S.C. §1981. 42 U.S.C. §1981 states:

(a) Statement of equal rights

6

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term" make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> the rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

The statute states that all persons within the jurisdiction of the United States shall have the same rights as white citizens. All the courts interpreting this language have concluded that 42 U.S.C. §1981 applies only to racial discrimination. In <u>Black v. Cook</u>, 444 F.Supp. 61 (D. Okl. 1977) the Court held that a complaint alleging that the denial of any autopsy report and the examination of the plaintiff's minor son, who died while he was incarcerated in a county jail, amounted to a violation of the plaintiff's constitutional civil rights failed to state a cause of action pursuant to 42 U.S.C. §1981. The Court concluded that the plaintiffs had not stated a cause of action pursuant to 42 U.S.C. §1981 because the complaint contained no allegation of racial discrimination by the defendants.

In <u>Vance v. Bordenkircher</u>, 533 F.Supp. 429 (D.W. Va. 1982) an inmate sought to state a cause of action pursuant to 42 U.S.C. §1981 as a result of being assaulted by another inmate while

7

correctional officials were either absent from their duty posts or stood by and watched. The Court concluded that this failed to state a cause of action pursuant to 42 U.S.C. §1981 because the complaint did not allege that the correctional officers' failure to intervene was motivated by a racially discriminatory purpose.

In <u>Dennis v. Thurman</u>, 959 F.Supp. 1253 (C.D. Cal. 1997) an inmate sought damages pursuant to 42 U.S.C. §1981 as a result of the denial of adequate medical care while incarcerated. The Court dismissed the complaint based on the prisoner's failure to produce any evidence that prison officials were motivated by race based animus.

An examination of Davis' complaint shows no averment at all that any action or omission of Kort resulted from Davis' race. Davis fails to even identify his race in the complaint. Consequently, Davis has failed to state a cause of action pursuant to 42 U.S.C. §1981 as a matter of law.

   C.   Davis Has Failed To State A Cause Of Action Pursuant To 42 U.S.C. §1985 Because He Has Not Alleged That Kort Engaged In A Conspiracy Against Him And Has Not Alleged That Kort Was Motivated By Racial Or Class Based Invidiously Discriminatory Animus.

Davis attempts to state a cause of action against Kort based upon 42 U.S.C. §1985. To state a claim under this statute he must set forth: (1) a conspiracy; (2) motivated by racial or class base invidiously discriminatory animus; (3) deprive one of equal protection of the law; (4) that the conspirators committed some act in furtherance of the conspiracy; and that (5) plaintiff was injured in his person or property or deprived of a right or privilege as a United States citizen. <u>Hill v. Borough of Swathmore</u>, 4 F.Supp. 2d 395 (E.D. Pa. 1998). To allege racial or class based invidiously discriminatory animus Davis must show that he belongs to a class protected against class based animus

8

by 42 U.S.C. §1985. To do this he must assert that he is a member of a class which has immutable characteristics or has been a victim of historical discrimination. Carchamin v. Korman Corp., 494 F.2d 354 (3d Cir. 1979) cert. den., 444 U.S. 898; Lake v. Arnold, 112 F.3d 682 as amended (3d Cir. 1997).

An examination of Davis' complaint shows that he has not alleged that Kort was motivated by racial or class based invidiously discriminatory animus. See Exhibit "A". No such averment appears anywhere in the complaint. Wilson has not alleged that he belonged to a racial group or a class that has an immutable characteristic or to a class that has been historically discriminated against.

Davis may contend that his status as a prisoner constitutes an immutable characteristic or a class that has been historically discriminated against. Every court to consider this argument has rejected it. In Litz v. City of Allentown, 896 F.Supp. 1401 (E.D. Pa. 1995) the court held that claims that prison officials were deliberately indifferent to a pretrial detainee's attempted suicide failed to show that racial or the otherwise class based invidious discriminatory animus required to state a cause of action pursuant to 42 U.S.C. §1985(3). In Justice v. Coughlin, 941 F.Supp. 1312 (N.D. N.Y. 1996) an inmate alleged that prison officials entered into a conspiracy to violate his constitutional rights. The court concluded that this failed to allege any race or other class based animus and did not state a cause of action pursuant to 42 U.S.C. §1985(3).

In Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y. 1995) an inmate attempted to state a cause of action against prison officials and employees for a conspiracy undertaken to deprive him of equal protection of the laws. He did not allege that he was a victim of a conspiracy based on some class based animus. The Court concluded that his being an inmate failed to meet that requirement. Thus, he

9

failed to state a cause of action pursuant to 42 U.S.C. §1985(3).

  D.  Davis Has Not Set Forth A Cause Of Action Pursuant To 42 U.S.C. §1985(3) Because He Has Not Asserted The Required Elements Of A Conspiracy.

In stating a claim for conspiracy pursuant to 42 U.S.C. §1985(3) Davis may not make a bare conclusory allegation of conspiracy or concerted action. But rather he must expressly allege an agreement, or make averments of communications, consultation, cooperation or command from which such an agreement can be inferred. Averments must be supported by facts that show the existence of a conspiracy and indicate its broad objectives and the role each defendant allegedly played in carrying out that objectives. Burden v. Wilkes-Barre Area High School Dist, 16 F.Supp. 2d 569 (M.D. Pa. 1998).

An examination of the complaint of Davis shows that he has failed to meet this standard. He never even alleges a conspiracy in a conclusory manner. He submits no factual averments of an agreement to commit a conspiracy or averments of communication, consultation, cooperation or command from which such an agreement can be inferred.

Instead, Davis never even submits a boilerplate assertion that a conspiracy existed. He never mentions a conspiracy.

  E.  Davis Has Failed To State A Cause Of Action Pursuant To 42 U.S.C. §1986 Because He Has Not Alleged A Violation Of 42 U.S.C. §1985(3).

In order to state a cause of action pursuant to 42 U.S.C. §1986, Davis must successfully allege a violation of 42 U.S.C. §1985(3). They constitute interdependent causes of action. Kessler v. Monsour, 865 F.Supp. 234 (M.D. Pa. 1994)(where plaintiffs did not plead viable claim pursuant to 42

10

U.S.C. §1985(3) they did not have a cause of action under 42 U.S.C. §1986).

For the reasons previously set forth herein, Davis has failed to state a cause of action pursuant to 42 U.S.C. §1985(3). Thus, he has no cause of action pursuant to 42 U.S.C. §1986.

## IV. CONCLUSION

In the light of the foregoing Joseph Kort, M.D. respectfully requests that his motion to dismiss the complaint of Brady L. Davis be granted.

                                 MONAGHAN & GOLD, P.C.

BY: _____
      ALAN S. GOLD
      Attorney for Defendant,
      Joseph Kort, M.D.

      7837 Old York Road
      Elkins Park, PA 19027
      (215) 782-1800

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of defendant, Joseph Kort, M.D.'s Motion to Dismiss the Complaint of the Plaintiff along with supporting Memorandum of Law and Exhibits by First Class Regular Mail on this date to the following individuals:

Brady L. Davis, Plaintiff
S.C.I. Coal Township
One Kelley Drive
Coal Township, PA 17866-1020

Raymond Dorian, Esquire
Commonwealth of Pennsylvania
Department of Corrections
55 Utley Drive
Camp Hill, PA 17010

_____
ALAN S. GOLD

Date: 8/15/00